IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KRISTINE LOVANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19-cv-1049 |
| v. | ) |
| | ) CIVIL COMPLAINT |
| CHARTER COMMUNICATIONS, INC. | ) |
| d/b/a/ Spectrum, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, KRISTINE LOVANO ("Plaintiff"), by her attorneys, and hereby alleges the following against CHARTER COMMUNICATIONS, INC. d/b/a Spectrum ("Defendant"):

Nature of the Action

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. and the Ohio Consumer Sales Practices Act ("OCSPA"), R.C. 1345 *et seq*.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the OCSPA .

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

Parties

5. Plaintiff is a natural person residing in Cuyahoga County in Garfield Heights, Ohio.

6. Plaintiff is a "consumer" as defined by 47 U.S.C. § 227 *et seq*. and R.C. §1345.01(D).

7. Defendant is a business entity with a business office located in Stamford, Connecticut.

8. Defendant sought to collect a debt from Plaintiff that arose from a "consumer transaction" as that term is defined by R.C. 1345.01(A).

9. Defendant is a "supplier" as that term is defined by R.C. 1345.01(C).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

Factual Allegations

11. Defendant is an American telecommunications and mass media company that offers its services to consumers and businesses under the branding of Spectrum.

12. Plaintiff is a customer of Defendant with services for her own personal, family, and household use.

13. On April 12, 2019, Defendant, using an automated mass text-messaging platform, caused automated text messages to be sent to telephone number (216) 925-▮▮▮▮.

14. Telephone number (216) 925-▮▮▮▮ is assigned to Plaintiff's cellular telephone with cellular telephone service.

15. Plaintiff received Defendant's first automated text messages at approximately 8:46 a.m. on April 12, 2019.

16. Over the next few minutes, Plaintiff received multiple text messages from Defendant on her cell phone.

17. Defendant's automated text messages read:

> Hello from Spectrum. Your payment is now due and your account is subject to immediate interruption. Call 844-206-9035. STOP to unsubscribe.

18. The impersonal and generic nature of Defendant's automated text message demonstrates that Defendant utilizes an ATDS in transmitting the text messages.

19. After receiving nearly 300 identical automated text messages from Defendant, Plaintiff replied "STOP" via text message.

20. Despite following Defendant's instructions to get the automated text messages to stop, Defendant continued to send automated text message to Plaintiff's cell phone.

21. Defendant sent approximately 200 additional, identical, automated text messages to Plaintiff's cell phone.

22. Plaintiff was driving when Defendant placed these excessive, unauthorized, automated text messages.

23. Due to the fact Plaintiff was driving, she pulled over and called Defendant.

24. Plaintiff instructed Defendant to stop sending her texts messages as it was distracting her driving.

25. Defendant continued to send unauthorized, automated text messages to Plaintiff's cell phone.

26. Defendant also placed phone calls to Plaintiff's cell phone which used an automated voice.

27. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's excessive, unauthorized, automated text messages.

## COUNT I
## Telephone Consumer Protections Act

28. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

29. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

## COUNT II
## Ohio Consumer Sales Practices Act

31. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

32. Section 1345.02 of the OSCPA prohibits a supplier from committing "an unfair or deceptive act or practice in connection with a consumer transaction….whether it occurs before, during, or after the transaction."

33. Section 1345.03 of the OSCPA prohibits a supplier from committing "an unconscionable act or practice in connection with a consumer transaction….whether it occurs

before, during, or after the transaction."

34. Defendant violated R.C. §§ 1345.02 and 1345.03 by causing an excessive amount of automated text messages to be sent to Plaintiff's cell phone despite knowing she did not want its automated text messages and her efforts to get Defendant to stop.

Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

35. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);
36. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);
37. The greater of treble actual damages or $200 for each violation of the OSCPA pursuant to R.C. § 1345.09(B);
38. $5,000 for emotional and other noneconomic damages pursuant to R.C. § 1345.09(B);
39. Costs and reasonable attorney fees; and
40. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: May 9, 2019

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff